Case 3:21-cv-00349   Document 26   Filed on 08/04/23 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
August 04, 2023
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

No. 3:21-cv-349

MILTON WAYNE NETTLES, TDCJ #02188045, PLAINTIFF,

v.

OLEKA U. OJIAKO, *ET AL.*, DEFENDANTS.

## MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

The plaintiff, Milton Wayne Nettles, an inmate in the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ), filed a civil-rights complaint under 42 U.S.C. § 1983.[1] Nettles is *pro se* and has leave to proceed *in forma pauperis*. *See* Dkt. 17. The court concludes that this action must be dismissed for the reasons explained below.

---

[1] Nettles launched this case by filing by a 17-page complaint with exhibits and an accompanying memorandum of law. *See* Dkts. 1, 2. The complaint, however, was not on a court-approved form, so Nettles was instructed to file an amended complaint on an approved form, *see* Dkt. 8, and Nettles complied. Dkt. 10. The amended complaint contains a very brief statement of Nettles' claim. *See* Dkt. 10. Although an amended complaint generally supersedes any previous complaint, *see King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994), in this instance, where Nettles is *pro se* and courts are to construe pleadings filed by *pro se* litigants liberally, the court will treat the amended complaint filed at Docket No. 10 as a supplement to the initial complaint and accompanying memorandum, filed at Docket Nos. 1 and 2.

I.  **BACKGROUND**

Nettles is currently incarcerated at the Terrell Unit. Nettles has filed this civil action against the following defendants who are employed by TDCJ at the Terrell Unit: (1) Oleka U. Ojiako, correctional officer; (2) Prince O. Okoronkwo, correctional officer; (3) Lieutenant Tennissia M. Fields; (4) Jacqueline Williams, correctional officer; and (5) Assistant Warden Carl Bunson. Nettles' primary complaint against the defendants is that his constitutional rights were violated in connection with disciplinary charges that were lodged against him at the Terrell Unit.

In September 2021, Officer Ojiako "wrote up" Nettles for masturbating in the Terrell Unit's day room at 3:00 a.m. Dkt. 10 at 4; Dkt. 1 at 2. Nettles asserts that the charge was false because he was not in the day room until 3:15 a.m. and because he "can't get an erection no more" because of an accident that happened in 2017. Dkt. 1 at 2; *see* Dkt. 2 at 1. Nettles complains that on October 3, 2021, Officer Okoronkwo did not ask him for a statement related to the charge and instead told him "I know you didn't do this, and said, sign on both lines, and date it, and he/I will take care of this for you, and you don't have to worry about this case being on your record." Dkt. 1 at 2; *see* Dkt. 2 at 1.

At the disciplinary hearing on October 9, 2021, in response to Nettles' statement that he was not guilty of the charge, Lieutenant Fields allegedly told him that "she will believe officers before believing an offender." Dkt. 1 at 2; Dkt. 2 at 2.

Nettles was found guilty of the charge. *See* Dkt.1 at 2; Dkt. 2 at 2. As punishment, Lieutenant Fields sentenced Nettles to loss of recreation and commissary privileges for 20 days. Dkt. 1 at 1–2; Dkt. 2 at 2.

Nettles submitted a grievance appealing his disciplinary conviction. *See* Dkt. 1 at 3; Dkt. 2 at 2. The Step 1 grievance was returned to Nettles with the note that the grievance "had been denied / inappropriate excessive attachment / the issue presented is not grievable." Dkt. 1 at 3; Dkt. 2 at 2. Officer Williams was the correctional officer who signed the grievance. Dkt. 1 at 3; Dkt. 2 at 2. Nettles submitted a Step 2, which was returned to him in November 2021 stating that an additional 30 days was needed for an appropriate response to Nettles' disciplinary appeal. Dkt. 1 at 4; Dkt. 2 at 3. Officer Williams signed this grievance response as well. Dkt. 1 at 4; Dkt. 2 at 3.

As relief, Nettles states that he wants the court to "get down to the bottom of this matter so this won't / will not affect [Nettles'] parole and clean this case off my record[.]" Dkt. 10 at 4. He complains that TDCJ officers do not follow TDCJ rules and procedures, and that the defendants did not investigate his response to the disciplinary charge or subsequent grievances. *See* Dkt. 1 at 3; Dkt. 2 at 2–4. He also appears to seek compensatory and punitive damages. Dkt. 10 at 4.

## II.  **STANDARD OF REVIEW**

Because Nettles represents himself, his pleadings are entitled to a liberal construction, meaning they are subject to "less stringent standard standards than

formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The title a prisoner gives *pro se* pleadings is not controlling; rather, courts look at the content of the pleading. *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983).

Nettles seeks relief from a prison disciplinary conviction, asking that the court investigate the matter and "clean the case" off Nettles' "record." Although the punishment imposed reflects that he did not lose any good-time credit, challenges to prison disciplinary convictions are routinely asserted in a petition for a writ of habeas corpus, which provides a remedy for prisoners challenging the "fact or duration" of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Because he seeks monetary damages, it appears that Nettles also asserts claims concerning the conditions of his confinement, which are actionable, if at all, under 42 U.S.C. § 1983. *See Cook v. Tex. Dep't of Crim. Just. Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). In that respect, a civil-rights action under § 1983 is the appropriate remedy where a prisoner challenges "the rules, customs, and procedures affecting 'conditions' of confinement," and not the "fact or duration of confinement." *Id.* (quoting *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987)). Where there is any doubt about the proper vehicle, the Fifth Circuit has adopted a "bright-line rule" for resolving whether a claim is actionable on habeas corpus review or must be raised in a civil-rights complaint under § 1983: "If 'a favorable determination . . . would not automatically entitle [the prisoner] to

accelerated release' . . . the proper vehicle is a § 1983 suit." *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (internal citation omitted).

Applying a liberal construction to Nettles' pleadings, the court concludes that he presents a mix of habeas corpus and civil-rights claims. The Fifth Circuit has counseled that if a complaint contains both habeas and civil-rights claims under 42 U.S.C. § 1983, "the district court should separate the claims and decide the § 1983 claims." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (citation omitted). The distinction matters because claims involving violations of civil rights under § 1983 are subject to different filing-fee and screening requirements under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915A and 1915, *et seq*. As discussed further below, the court has separated Nettles' claims and concludes that neither his habeas corpus challenge nor his related civil-rights claims are cognizable. Under either legal theory this case must be dismissed for failure to state a viable claim upon which relief may be granted.

### III.   DISCUSSION

#### A.   Prison Disciplinary Conviction

Nettles contends that his constitutional rights were violated during his prison disciplinary because he was found guilty of false charges. State inmates have limited constitutional rights in the prison disciplinary hearing context under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, an

inmate is entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). A Texas prisoner can demonstrate a due-process violation in connection with a prison disciplinary conviction only if he first satisfies the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000) (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

As to the first criteria, Nettles is not eligible for early release on mandatory supervision because he has three convictions for indecency with a child,[2] which excludes him from eligibility for mandatory supervision under the governing Texas statute. *See* Tex. Gov't Code § 508.149(a)(5) (excluding from eligibility for mandatory supervision inmates who have been convicted of certain enumerated offenses, including indecency with a child).

Nettles also does not meet the second criteria because he did not forfeit any previously earned good-time credit as punishment for the disciplinary infraction.

---

[2] *See Inmate Info. Search*, Tex. Dep't of Crim. Just., https://inmate.tdcj.texas.gov/InmateSearch/start (last visited July 31, 2023) (listing Nettles' conviction history, which includes three convictions for indecency with a child).

To the extent that Nettles' punishment was forfeiture of 20 days of commissary and recreational privileges, these sanctions are "merely changes in the conditions of [an inmate's] confinement" that do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges are the type of sanctions that do not impose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id.*

Because none of the sanctions imposed against him implicate a protected liberty interest, Nettles cannot establish a constitutional violation of the Due Process Clause that is actionable either under the habeas corpus statutes or § 1983. *See Orellana*, 65 F.3d at 31 ("[N]either habeas nor civil[-]rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.") (citation omitted).

B.   **Nettles' Civil-Rights Claims**

Nettles' complaint that TDCJ officers did not follow TDCJ rules or procedures does not state an actionable claim. *See Lewis v. Sec'y of Pub. Safety & Corrs.*, 870 F.3d 365, 369 (5th Cir. 2017) ("[A] prison official's failure to follow prison policies or regulations does not establish a violation of a constitutional right."); *McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012) ("An assertion that prison officials failed to follow prison rules or policies does not set forth a

constitutional claim.").

To the extent Nettles is challenging the prison grievance process, these allegations also fail to state a claim on which relief may be granted because there is no constitutionally protected right to a prison grievance system, and the fact that a grievance was not investigated or resolved to an inmate's satisfaction does not implicate any constitutionally protected rights. *See Schwarzer v. Wainright*, 810 F. App'x 358, 360 (5th Cir. 2020) (citing *Sandin*, 515 U.S. at 484); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (holding that prisoners do not have a federally protected liberty interest in having grievances resolved to their satisfaction); *Alexander v. Tex. Dep't of Crim. Just.*, 951 F.3d 236, 240 (5th Cir. 2020) (affirming trial court's dismissal of inmate's claim that his grievances were mishandled or improperly denied, as prisoners have no due-process rights in the inmate grievance process); *Grogan v. Kumar*, 873 F.3d 273, 280 (5th Cir. 2017) ("[I]t is well established that prisoners have no due process rights in the inmate grievance process.") (citation omitted); *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (per curiam) (holding that plaintiff had no actionable § 1983 claim based on prison officials' failure to process his grievances); *Edmond v. Martin*, 100 F.3d 952, 1996 WL 625331, at *1 (5th Cir. 1996) (per curiam) (holding that inmate's claim that defendant's failure to investigate his grievance "raises no constitutional issue") (citation omitted).

Because Nettles' allegations do not demonstrate that he is entitled to relief

as a matter of law, this action will be dismissed for failure to state a claim upon which relief may be granted.[3]

\* \* \*

For the reasons stated above, the court **ORDERS** as follows:

1. The civil action filed by Milton Wayne Nettles is **DISMISSED with prejudice** for failure to state a claim on which relief may be granted.

2. To the extent that Nettles has presented habeas corpus claims, a certificate of appealability is **DENIED**.

3. The collection ordered entered on March 9, 2022, is **TERMINATED** and no further payments from Nettles' inmate trust-fund account shall be deducted for this case.

4. If any further monies from Nettles' inmate trust-fund account are collected in connection with Civil Action No. 3:21-cv-349, the Clerk shall remit those amounts back to Nettles' inmate trust-fund account, TDCJ #02188045.

The Clerk shall provide a copy of this order to: (1) the plaintiff; and (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, and by electronic mail at ctfcourt.collections@tdcj.texas.gov.

Signed on Galveston Island this __4th__ day of __August__, 2023.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

---

[3] Upon review of the docket the court observes that shortly after Nettles' application to proceed IFP was granted, *see* Dkt. 17, the filing fee was paid in full. *See* Minute Entry for 5/19/2022. In June 2022, Nettles requested that the court take notice that the filing fee had been paid in full. *See* Dkt. 18. Consistent with the court's order of March 9, 2022, however, monies from Nettles' inmate trust-fund account continued to be paid to the court. The court, therefore, will terminate the collection order.